IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>   v.<br><br>JOHN MUGAVERO,<br><br>                  Defendant. | Case No. 19-cr-00124-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i)** |

      Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), Defendant John Mugavero moves for release from or a reduction in his sentence for two principal reasons: (1) his medical conditions and the coronavirus pandemic put him at increased risk of severe illness; and (2) he should have been, but was not, given credit for being safety-valve eligible at the time of his original sentence.

      Having reviewed the parties' briefing and considered the record in this case, the Court disagrees that Mugavero is entitled to any reduction in his 120-month sentence for conspiring to distribute roughly 857 grams of methamphetamine. First, the Court does not find the coronavirus pandemic and Mugavero's medical conditions to constitute an extraordinary and compelling reason for his release in light of his vaccination against the virus and the low incidence of the same at his place of incarceration.   Second, even if Mugavero had been safety-valve eligible

at sentencing, he provides no meaningful explanation as to why that would have resulted in a lesser sentence and, thus, he again cannot show an extraordinary and compelling reason for reducing his sentence now. Therefore, as more fully set forth herein, Mugavero's motion to reduce sentence, Dkt. No. 29, is DENIED.

## RELEVANT PROCEDURAL BACKGROUND

On January 23, 2020, Mugavero was sentenced to 120 months' imprisonment after pleading guilty to conspiring to distribute and to possess with the intent to distribute methamphetamine. Dkt. No. 27. In sentencing Mugavero, he was found responsible for transacting in roughly 857 grams of methamphetamine, which, after reductions for acceptance of responsibility, resulted in an offense level of 31. Dkt. No. 23 at ¶¶ 25-26, 33-35. He was also assigned a criminal history category of V due to a 20-year period plagued with criminality, including theft, burglary, myriad drug offenses, and numerous instances of driving with a suspended license. *Id*. at ¶¶ 40-51. This produced a guideline imprisonment range of 168 to 210 months, with Mugavero being subject to a 5-year mandatory minimum sentence. *Id*. at ¶¶ 85-86. At sentencing, the Court varied below the guideline imprisonment range, sentencing Mugavero to 120 months' imprisonment.

On September 8, 2021, just over two years following his arrest, Mugavero filed the instant motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i) ("motion"). Dkt. No. 29. Following the receipt and consideration of further briefing, *see* Dkt. Nos. 32, 36, this Order follows.

## LEGAL STANDARD

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

## DISCUSSION

As mentioned, Mugavero moves for a sentence reduction due to: (1) his medical conditions in combination with the coronavirus, and (2) the applicability of the First Step Act's new safety-valve provisions. Dkt. No. 29. The Court addresses each argument in turn.

---

[1] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions brought by a defendant under Section 3582(c)(1)(A). *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Mugavero first argues that his medical conditions, of which the Court was aware at the time of sentencing, and the effects of the coronavirus pandemic, which the Court was not, constitute an extraordinary and compelling reason for reducing his sentence to time served.  Dkt. No. 29 at 7-18, 23-25.  The Court does not agree.  First, the incidence of coronavirus at Mugavero's place of incarceration−FCI Bastrop (TX)−while fluctuating, remains low.[2]  In contrast, the incidence of vaccination is high.[3]  The Court, therefore, rejects the basic premise of Mugavero's argument in this regard: that there is an increased risk of him being infected with the coronavirus at FCI Bastrop.  Second, Mugavero is fully vaccinated against the coronavirus.  While the Court does not dispute Mugavero's contention that vaccination cannot *guarantee* his absolute safety from the coronavirus, that misses the point of a motion such as the one filed here: at the very

---

[2] More specifically, at the time of filing the motion, Mugavero reported five cases at FCI Bastrop, all among members of staff and none among inmates.  Dkt. No. 29 at 15.  Roughly two weeks later, at the time of filing its opposition, the government reported 12 cases, 4 among inmates and 8 among staff.  Dkt. No. 32 at 6.  Today, roughly another two weeks after the government's opposition, there are a total of 11 active cases: 2 among inmates and 9 among staff.  *See* https://www.bop.gov/coronavirus (last visited October 7, 2021).  The Court does not find any of these case number snapshots to constitute anything other than a low incidence of coronavirus at FCI Bastrop.

[3] More specifically, the Bureau of Prisons (BOP) reports that FCI Bastrop holds a total of 970 inmates.  *See* https://www.bop.gov/locations/institutions/bas (last visited October 6, 2021).  Meanwhile, the BOP also reports that a total of 1,153 inmates have been fully vaccinated at FCI Bastrop.  *See* https://www.bop.gov/coronavirus (last visited October 7, 2021).  While the latter is, obviously, higher than the former and, thus, likely includes inmates who have been transferred in and out of FCI Bastrop, the number of vaccinations clearly indicates that the rate of vaccination at the facility is high.

4

least, full inoculation substantially *decreases* the risk of having severe illness from the coronavirus, *see* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited October 6, 2021), and, thus, to a great extent, dispels any suggestion that extraordinary and compelling reasons exist for reducing a sentence. When combined with the low number of coronavirus cases and high number of inoculations at FCI Bastrop, that is undoubtedly the result the Court reaches here.[4]

Mugavero next argues that his sentence should be reduced to no more than 100 months' imprisonment because, at the time of sentencing, he was safety-valve eligible and, thus, his guideline imprisonment range would have been lower. Dkt. No. 29 at 18-23. More specifically, he asserts that, with the safety-valve applied, his guideline range would have gone from 168-210 months' imprisonment to 140-175 months. *Id*. at 22-23.

Assuming, for present purposes, that Mugavero was safety-valve eligible at the time of sentencing and, equally important, that his argument is a proper basis of

---

[4] Furthermore, having considered the Section 3553(a) factors, the Court cannot find that reducing Mugavero's sentence to time served due to the coronavirus, as he requests, would be warranted. Notably, although he was sentenced to 120 months' (or 10 years) imprisonment, Mugavero has only served approximately 27 of those months. Under the facts of this case, such little time served promotes no sentencing factor the Court can discern.

a motion under Section 3582(c)(1)(A)(i),[5] the Court does not find that the argument constitutes an extraordinary and compelling reason for a sentence reduction in light of the circumstances here. Notably, the amended guideline range that Mugavero contends should have applied−140 to 175 months' imprisonment−is still well *above* the actual sentence that he received−120 months' imprisonment. There is, thus, nothing but speculation that, even with the safety-valve applied, Mugavero would have received any lesser sentence.[6] Ultimately, at sentencing, the Court balanced a number of competing factors under Section 3553(a), taking into consideration, among other things, *all* of the circumstances concerning Mugavero's offense, his personal characteristics and history, and the need for the sentence imposed. It simply cannot be said that the application of the First Step Act's new safety-valve provisions alone would have altered that analysis to the extent that his sentence would have been different. Therefore, the Court

---

[5] As this Court has noted in at least one other case, *United States v. Tuisaloo*, Case No. 19-CR-00036-DKW, Dkt. No. 63, the undersigned remains unconvinced that the type of argument Mugavero raises here−essentially, that his counsel committed an error at sentencing−can constitute a reason for relief under Section 3582(c)(1)(A)(i). *Id.* at 6 n.5. Again, however, the Court need not reach this issue for the reasons discussed herein.

[6] Demonstrating the speculation Mugavero relies upon, he argues that, based upon sheer percentages, his sentence would have been lower. *See* Dkt. No. 29 at 23 (asserting that the variance he received was 28.5% below the low-end of the guideline range and, thus, his reduced sentence should be 100 months because that too is 28.5% below the low-end of the amended guideline range). This mathematical precision, however, ignores the fine balancing of sentencing factors under Section 3553(a), none of which concern percentages, and together continue to support the 120-month sentence imposed here.

does not find an extraordinary and compelling reason for reducing Mugavero's sentence on this basis.

Mugavero's motion to reduce sentence, Dkt. No. 29, is DENIED.

IT IS SO ORDERED.

DATED: October 7, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*United States of America v. John Mugavero*; CR 19-00124 DKW; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(1)(A)(i)**